IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RHETT LESLIE BUTLER,

    Plaintiff,

v.                                                                                          No. 2:23-cv-01082-KWR-KRS

STEVE NANCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint at 1, filed December 5, 2023. Plaintiff alleges that: (i) Defendant "was telling a bunch of verbal lies on me to me so I verbal[l]y called him a liar;" (ii) Defendant "got mad and jumped out of his truck," chased and "chest bumped" Plaintiff, and threatened to murder Plaintiff; (iii) Plaintiff's niece and her son pulled Defendant off Plaintiff; and (iv) Plaintiff told a person at a law firm "1 or 2 yrs ago." Complaint at 2, 4. Plaintiff states "I want to get my mental blankness back." Complaint at 2.

    United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Where the Complaint form prompts plaintiffs to state defendant's employment, Plaintiff wrote "looked like a badge with a leather cover over it." Complaint at 1. Where the form complaint prompts plaintiffs to indicate whether defendant was acting under color of state law, Plaintiff wrote "I don't know what color of state law means." Complaint at 1. The Complaint does not allege that Defendant was acting under color of state law.
>
> > "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

> (quoting *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal punctuation omitted).) However, "the fact that a tort was committed by an individual employed by the state does not, *ipso facto,* warrant attributing all of the employee's actions to the state." *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir.1995) (internal quotation marks omitted). Rather, "before conduct may be fairly attributed to the state because it constitutes action 'under color of state law,' there must be 'a real nexus' between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Id.* (quoting *D.T. ex rel. M.T.,* 894 F.2d at 1188).
>
> *Schaffer v. Salt Lake City Corp.*, 814 F.3d at 1156.
>
> The Complaint also fails to state a claim because Plaintiff fails to state with any particularity when Defendant committed the alleged actions, or what specific federally-protected right Plaintiff believes Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Furthermore, there are no allegations that Defendant caused the harm, "loss of mental blankness," that Plaintiff alleges.

Order at 2-3, Doc. 7, filed December 7, 2023. Judge Sweazea ordered Plaintiff to file an amended complaint. Order at 6.

Plaintiff first Amended Complaint was apparently not filed in response to Judge Sweazea's Order because it was filed on the same day that the Clerk's Office mailed Judge Sweazea's Order to Plaintiff. *See* Amended Complaint, Doc. 8, filed December 7, 2023. Plaintiff alleges that he got into "a mental argument" with an unidentified New Mexico State Police officer at three unspecified times. Amended Complaint at 2. The only allegation regarding Defendant states:

> I'm guessing it was about the same time a little or before [Defendant] retired from the prison or started some time or a after, at the Las Cruces, NM Universty – Breeland hall strange things it seemed like would happen before the start of the semster mentaly time delayed or mental futured or physical.

2

[sic] Amended Complaint at 1.  Plaintiff's Attachment to the Amended Complaint does not contain any allegations regarding Defendant.  *See* Doc. 9, filed December 11, 2023.

Plaintiff later filed a Second Amended Complaint and an Addition [to the] Second Amended Complaint, both of which are in large part incoherent.  *See* Doc. 10, filed December 13, 2023; Doc. 11, filed December 29, 2023.  Plaintiff alleges:

> After my brain was boiled in a deep fryer of grease and I mentally denouced Father Son and Holy Spirit after the 1 of the 6 times when I was entramped into denouceing by [Defendant] saying mentally that I denouced the Father Son & Holy Spirit and I thought mentally what are you talking about . . . [Defendant] was playing mental games with me I'm in (I assumed my mind) I'm out but it would never go completely mentally blank like I remembered . . . so [Defendant] can get his prioritys this 6th of the 6 times.  I called NASA Space Company because they are the only ones powerful enough to do something likes to me I kept forgetting what I was asking and called 5 times . . . It was DEA (and I thought it was [Defendant] that mentally said it was DEA) I was going to church and I was being mentally tormented by [Defendant] and I thought mentally I ought to flip you the bird in church [Defendant] said mentally do it . . . this time of 6th I pointed physical at [Defendant] at church and physicaly flipped [Defendant] the bird.  I was sitting in church and I can't remember how full it was I think was almost empty I think and [Defendant] came in set 2 rows behind me, sometime he sat on the far left side facing the pulpit I was sitting middle right or far right and he smelled drunk as a skunk it did not smell like a beer or two.  I don't know if he was drunk or wanted me to accuse him of being drunk or entrapping me into accusing him of it . . . .

[sic] Amended Complaint at 1-2.  The only allegation in the Addition to the Amended Complaint regarding Defendant states:

> I saw on a TV news cast some female sue for I forget how much it was for for $1.00 one dollar and I guess she did I don't know what for but I figured I try to sue [Defendant] for $1.00 I don't know if it will help get me back my mental blankness.

Addition at 1.

The Amended Complaint, the Attachment to the Amended Complaint, the Second Amended Complaint and the Addition to the Second Amended Complaint fail to state a claim pursuant to 42 U.S.C. § 1983 because they do not allege Defendant deprived Plaintiff of a

3

federally protected right and that Defendant was acting under color of state law. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Amended Complaint, the Attachment to the Amended Complaint, the Second Amended Complaint and the Addition to the Second Amended Complaint also do not assert facts supporting federal question or diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**